## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ANDRE MARQUIS COHEN,** | **CASE NO. 1:18 CV 208** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| | **OPINION AND ORDER** |
| **UNITED STATES** | |
| **DEPT. OF TREASURY,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff filed this action against twenty-seven Defendants, which include the United States Department of Treasury, the State of Ohio, four Municipalities, four Judges, one Bailiff, one Court Clerk, eleven Police Officers and four people without official titles. The 111 page Complaint is composed almost entirely of incoherent and meaningless rhetoric. He does not assert a viable legal cause of action. He seeks $ 1,000,000,000.00 in damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2). That Motion is granted.

## I. BACKGROUND

Plaintiff's Complaint is composed of various meaningless documents through which Plaintiff appears to be attempting to create a security interest in himself as the debtor and

creditor. He asks this Court to declare him to be his only creditor on the theory that he is the only one to have invested in himself. He theorizes that as the only creditor, no one else can have a debt against him, including the Internal Revenue Service. He refers to liens and levies he is attempting to file. He further states, without any explanation, that unspecified police listed him as armed and dangerous. He indicated he scraped his back on handcuffs. He states he scratched his leg and got bed sores. He states without explanation that police officers flattened his tires and he spent two days in segregation in the Lorain County Jail because he was talking. He does not assert any recognizable legal causes of action.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

In this case, Plaintiff's Complaint fails to meet basic notice pleading requirements. He does not mention any of the Defendants in the documents comprising the Complaint, nor does he specify any legal cause of action entitling him to relief. The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This pleading does neither of those things. It fails to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

IT IS SO ORDERED.

                                      s/ Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      UNITED STATES DISTRICT JUDGE

DATED: May 21, 2018

---

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.